APPERSON, *Appellant,*

*v.*

MULTNOMAH COUNTY, *Respondent.*

(No. 413-818, CA 6072)

555 P2d 929

*Alex L. Parks,* Portland, argued the cause and filed the briefs for appellant.

*Paul G. Mackey,* Deputy County Counsel, Portland, argued the cause for respondent. With him on the brief was George M. Joseph, County Counsel, Portland.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

**THORNTON, J.**

Plaintiff appeals a decree in a Statement of Controversy proceeding, ORS ch 27, which held that defendant could properly deny a building permit request by plaintiff because plaintiff's property did not meet minimum lot size specifications and did not qualify as a nonconforming use. ORS 215.130(4).

Stated in broad terms, the issue presented is whether the trial judge erred in upholding the defendant county's refusal to issue plaintiff a permit to build a residence on his substandard size lot. More particularly, does plaintiff's lot qualify as a prior existing nonconforming use under the applicable county zoning ordinance?

In 1955 Multnomah County adopted the ordinance in question. The ordinance designated what is now plaintiff's property as R-30-residential, with a minimum area of 30,000 square feet. The pertinent portions of the ordinance are as follows:

"Sec. 1.34 LOT. A plot, parcel or area of land owned by or under the lawful control and in the lawful possession of one distinct ownership."

"Sec. 3.321 Lot Size. The minimum lot size shall be thirty thousand (30,000) square feet. The minimum average lot width shall be eighty (80) feet. The minimum average lot depth shall be one hundred and thirty (130) feet."

"Sec. 3.329 No sale or conveyance of any portion of a lot, for other than a public purpose, shall leave a structure on the remainder of the lot with less than the minimum lot, yard or setback requirements of this district."

"Sec. 3.332 Where a lot has been a deed of record of less than eighty (80) feet in width, or an area of less than thirty thousand (30,000) square feet, and was held under separate ownership, or was on public record at the time this ordinance became effective, such lot may be occupied by any use permitted in this district. In no case, however, shall a dwelling unit have a lot area of less than three thousand (3,000) square feet."

Prior to 1971, Blocks 91 and 92 of Palatine Hill No. 3 were under common ownership. It is undisputed that at that time each of the lots within Blocks 91 and 92, Palatine Hill No. 3, were nonconforming and within the exception of Sec. 3.332 of the above ordinance. In October of 1971 the owner of the property began a series of transactions which divided the property into three 30,000 square-foot parcels. The division of the property did not correspond to previously established lot lines. One of the 30,000 square-foot parcels was conveyed to Herbert J. Watkins and Marilyn J. Watkins, husband and wife. The Watkins' parcel included Lots 1, 4, 5 and 8 of Block 92, Palatine Hill No. 3, except the North 31.25 feet of each lot, together with a portion of vacated Flora Street and substantial parts of Lots 2 and 3 of Block 91, Palatine Hill No. 3, together with a portion of vacated Flora Street.

In September of 1972 the Watkins divided their parcel and conveyed Lots 1, 4, 5 and 8 of Block 92 except the North 31.25 feet, together with a portion of vacated Flora Street, to Dixie J. Nicholls and, at the same time, conveyed the remaining property, on which a house was located, to Alex L. Parks. The Nicholls' parcel comprised about 19,000 square feet; the Parks' parcel comprised about 11,000 square feet. On October 12, 1972, just over two weeks after the Watkins' conveyances, Nicholls and Parks were married. Subsequently the Parks executed conveyances granting each other undivided one-half interests, as tenants by the entirety, in their respective parcels. On February 12, 1975, the Parks conveyed what had been the Nicholls' parcel to the plaintiff. The property is now parceled as it was following the Watkins' conveyance. The map on the following page illustrates the relation of the parcels to each other and to the lot and block lines.

Parks property: (ca. 11,000 sq ft)

Apperson property: (ca. 19,000 sq ft)

Following the conveyance by the Parks, plaintiff applied for a building permit contending that his parcel, although it contained less than the 30,000 square-foot minimum area required by Sec. 3.321, qualified as a nonconforming use. The county refused permission to build maintaining that the mesne conveyances had removed plaintiff's parcel from the nonconforming use protection of Sec. 3.332 of the ordinance.

In *Parks v. Tillamook Co. Comm./Spliid,* 11 Or App 177, 501 P2d 85, 68 ALR3d 138 (1972), Sup Ct *review denied* (1973), this court noted that there is no material difference between nonconforming uses and substandard lots with regard to adverse impacts on a comprehensive zoning plan and that therefore provisions for the continuation of substandard lots are, like provisions for the continuation of nonconforming uses, disfavored and strictly construed.

■■ As we explain below, Sec. 3.332 of the above ordinance is capable of different constructions. In this case, however, the phrase "lot * * * on public record" need not raise construction problems because under neither of the constructions advanced by the parties may plaintiff prevail. If the term "lot" in Sec. 3.332 is construed to mean only lots as recorded on plats prior to 1955, where the term "lot" is applied to a subdivided area, as defendant argues, then plaintiff cannot claim a nonconforming use as he does not own a full lot as platted. If we construe the term "lot" to include, as plaintiff by implication argues we should, any parcel under common ownership, the division of the parcel by Watkins in September of 1972 violated Sec. 3.329 of the Multnomah County ordinance as there was, and is, a house on the parcel sold to Parks by Watkins. One of the sanctions available to the county for a violation of Sec. 3.329 is to refuse to issue a building permit on an affected parcel. Oregon Structural Specialty Code and Fire & Life Safety Code, § 302 (1973). If the cross-conveyancing by the Parks following their marriage restored the parcel to a single conforming unit, the conveyance to plaintiff violated Sec. 3.329 and the same result follows.

Affirmed.